[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FACTS
FACTS
Before the court is a one count[1] complaint brought by the plaintiffs, Mitchell and Debra Piorkowski (Piorkowskis) against the defendant, Gene and Vincas Lileika (Lileikas) for misrepresentation. According to the facts as stated in the complaint, the Piorkowskis' purchased a home from the Lileiekas' on December 28, 1994. Prior to the transfer, the Lileikas' allegedly represented to the Piorkowskis' that the electric ceiling panel heating system was in good working order. After moving into the house, however, the Piorkowskis' discovered that it was not in good working order. The plaintiffs were forced to install baseboard heating to correct the heating deficiencies.
On November 14, 1995, the defendants filed a motion for summary judgement claiming that there are no material issues in dispute and that they are entitled to summary judgment as CT Page 1414-PP a matter of law. In support thereof, the defendants assert that, the plaintiffs, during discovery, stated that the alleged misrepresentation was made in a disclosure statement dated November 24, 1994. The defendants claim that a review of that document evidences that the only reference made to the heating system was a notation indicating the type of heating system in the house. Thus, the defendants assert that since the plaintiffs claim to have been mislead by the disclosure statement, and that the statement only mentions the type of electric heat in the house, that as matter of law no reasonable person could conclude that the disclosure statement and statements therein were misleading. The defendants claim that the misrepresentation simply does not appear in the document.
In opposition to the motion for summary judgment, the plaintiffs claim that there is an issue of fact in dispute as to whether the heating system was in good working order at the time of the purchase, and whether the disclosure statement was adequately filled out. Both sides have submitted briefs and other documentation in support of their respective positions.
DISCUSSION
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . [A]nd the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont Plastics, Corp.,
CT Page 1414-QQ229 Conn. 99, 105-06, 639 A.2d 507 (1994).
"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v.Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988). "The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted, internal quotation marks omitted.) State v. Gogin, 208 Conn. 606, 616,546 A.2d 606 (1988).
A review of the affidavits and other supporting documentation demonstrates that the defendants have failed to meet their burden to show the absence of a genuine issue of material fact. While question number two on the seller's disclosure statement merely notes that the heating system is radiant electric heat, question 10, which concerns the house's electrical systems, asks in part whether there are any known problems with it. The defendants responded "no." Also, at the bottom of the form, it asks the sellers to "Please state other information relative to this property that would be of interest or concern to a Buyer." There is no seller response to this query.
In the plaintiffs' affidavit, however, they aver that the electric was turned off during their pre-closing inspection, and that space heaters were located in many rooms. It also states that an electrician inspected the premises after they moved in, found the heat not to be working properly, and stated that the failure of the heating panels develops over a period of time.
From this information, the fact finder might reasonably infer that the defendant sellers did not fully or adequately document or disclose the heating systems defects, and that any known defects in the electric heating system might have been properly disclosed in more than just the one category inquiring about the type of heating system in the house. The defendants make much of the fact that the plaintiffs' stated in response to an interrogatory that the misrepresentation that they relied upon was contained in the seller's/defendant's disclosure statement. First, under Practice Book § 232 a party has a continuing obligation to update his discovery answers if the information given CT Page 1414-RR previously is no longer true, or only partially correct. Thus, the court can not rely on one answer in response to an interrogatory that may or may not change as the case progresses. Additionally, as stated previously, whether the answers and omissions on the disclosure statement were adequate or inadequate under the circumstances is clearly a question of fact for the fact finder.
Thus, the court finds genuine issues of material fact in dispute which would preclude it from granting the defendants' motion for summary judgment.
CONCLUSION
For the above stated reasons, the defendants' motion for summary judgment is denied.
Austin, J.